## INGRAM v. ITALO AMERICAN HOMESTEAD ASS'N.

### No. 17082.

Court of Appeal of Louisiana. Orleans.

Feb. 6, 1939.

Eraste Vidrine and James G. Schillin, both of New Orleans, for appellant.

John E. Jackson and Baldwin J. Allen, both of New Orleans, for appellee.

McCALEB, Judge.

This is a suit by a subtenant against the owner of a building to recover for the personal injuries he allegedly sustained on October 4, 1936, when he was struck by falling plaster.

The defendant, while admitting the ownership of the building, denies any liability in the premises.

In the lower court, there was originally a judgment awarded plaintiff in the sum of $700 but, on defendant's application for a new trial, the allowance was reduced to $500. Defendant has appealed from the adverse decision.

An examination of the record satisfies us that the plaintiff was the lawful occupant of the premises, No. 936 Bourbon St. in the City of New Orleans; that, on the afternoon of October 5, 1936, while occupying his quarters, he was struck on the head and shoulders by large pieces of plaster which fell from the ceiling and that he suffered certain personal injuries as a result of the accident. It follows that the

defendant is liable to him for whatever damage he has sustained.

The remaining question, therefore, is whether the allowance of $500 granted by the district judge is excessive.

Plaintiff is a longshoreman. In his petition, he alleges that, since the occurrence of the accident, he has been incapacitated to such extent that he is unable to follow any gainful occupation. On the witness stand, however, he admits that, subsequent to the mishap, he had engaged in part time work for the Clyde-Mallory Lines. He says that he was unable to do the strenuous physical labor required of a longshoreman and that the foreman gave him a job sewing bags at 40¢ per hour.

Plaintiff's attending physician, Dr. Edmond L. Faust, described his injuries as being contusions and abrasions of the head, neck and shoulders and that he also suffered a cerebral concussion. The doctor's diagnosis of cerebral concussion was evidently based upon statements made to him by plaintiff that, following the accident, he suffered from dizzy spells.

If it be true that plaintiff did suffer a cerebral concussion, it is our opinion that it must have been very slight because the evidence adduced by the defendant, on an application for a new trial, shows that plaintiff worked continuously in the employ of the Clyde-Mallory Lines from the date of the accident up to July 1938. At the time the case was originally tried below, the defendant did not have in its possession any facts concerning plaintiff's employment. But, after plaintiff had testified that he worked for the Clyde-Mallory Lines, defendant caused an investigation of his earnings to be made. The records of that company, together with the testimony of its General Superintendent, Mr. Rich (which formed the basis of defendant's application for a new trial), exhibit that, notwithstanding the accident, plaintiff continued in its employ and that he earned more money subsequent to the mishap than he did prior thereto. The facts brought forth by the defendant on its application for a new trial are most significant and prompt us to conclude that plaintiff has grossly exaggerated the extent of his injuries in his petition and in his testimony. We also feel that his complaints to Dr. Faust concerning the dizzy spells he is supposed to have experienced were such as to cause the doctor to believe that his hurts were more serious than was actually the case.

 An analysis of all of the testimony submitted has convinced us that the injuries suffered by plaintiff were simple contusions and bruises of the head, shoulders and neck from which he recovered within a short space of time. We feel that an award in the sum of $250 is more in accord with the established jurisprudence and that it will sufficiently compensate the plaintiff for the pain and anguish he endured. In addition to this, he is entitled to recover his doctor's bill for $25.

For the reasons assigned, the judgment appealed from is amended by reducing the award in favor of plaintiff from $500 to $275 and, as thus amended, the judgment is affirmed. Costs of this appeal to be borne by the plaintiff, all other costs to be paid by the defendant.

Amended and affirmed.